UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PURE O NATURAL PRODUCTS, LLC**<br><br>                              **Plaintiff,**<br><br>                v.<br><br>**EBIN NEW YORK, INC.**<br><br>                              **Defendants.** | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Pure O Natural Products, LLC ("Plaintiff" or "Pure O") by way of Complaint against Defendant EBIN New York, Inc. ("Defendant" or "EBIN"), alleges and asserts as follows:

### NATURE OF THE ACTION

1. This action arises from Defendant's unauthorized use of Plaintiff's federally protected trademarks and service marks.

2. Specifically, this is an action for:

(i) trademark and service mark infringement;

(ii) false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

(iii) common-law unfair competition; and

(iv) cancellation and rectification of the Register.

3. These claims arise from Defendant EBIN's deliberate and systematic effort to appropriate Plaintiff's LOC N brand, confuse distributors and consumers operating within the same channels of trade, and undermine Plaintiff's market presence by:

(a) registering and using LOCK'N-formative marks in proximity to and in direct competition with Pure O's LOC N brand;

(b) marketing similar hair-care products through many of the same distributors; and

(c) replicating the core source-identifying elements of Pure O's mark and trade dress to divert goodwill and consumer recognition.

4. **Plaintiff has continuously used the LOC N mark in United States commerce for over ten years in connection with hair-care products - well before EBIN's later registrations.**

5. **Under the U.S. principle of priority of use, Pure O's rights in the LOC N mark are superior notwithstanding EBIN's subsequent filings and registrations.**

6. On January 28, 2022, Pure O filed U.S. Trademark Application Serial No. 97/244,086 to register the mark LOC N in International Class 3 for "hair-care preparations." The United States Patent and Trademark Office ("USPTO") examined and approved the application for publication, determining that the mark was registrable and not merely descriptive. It was published for opposition on January 9, 2024.

7. On May 8, 2024, EBIN initiated Opposition No. 91291378 before the Trademark Trial and Appeal Board ("TTAB"), alleging that Pure O's LOC N mark was "merely descriptive" and that Pure O was not the rightful owner. These allegations lacked any credible factual or legal basis and were inconsistent with EBIN's own prior conduct before the USPTO—namely, its prosecution of the LOCK 'N POMADE mark without a disclaimer of "LOCK 'N," and its later filing for LOCK'N SHINE.

8. On June 18, 2024, Pure O, through counsel, filed a Motion to Dismiss EBIN's Notice of Opposition pursuant to Fed. R. Civ. P. 12(b)(6) and TBMP § 503, arguing that EBIN's opposition failed to state a claim upon which relief could be granted. The motion demonstrated that EBIN's

opposition was a transparent attempt to undermine the validity of Pure O's senior LOC N mark to justify its own junior use and subsequent registration efforts.

9. Pure O's motion further established that EBIN's "mere descriptiveness" claim was legally unsustainable, as the USPTO's examining attorney had already approved the LOC N application for publication without issuing any descriptiveness refusal.

10. The motion also emphasized that EBIN failed to meet the heightened pleading requirements of Fed. R. Civ. P. 9(b), as it did not allege any specific false statements, intent to deceive, or facts suggesting that any third party, not Pure O, was the rightful owner of the LOC N mark.

## PARTIES

11. Plaintiff Pure O is a Pennsylvania limited liability company with its principal place of business at 3760 Nicholas Street, Easton, Pennsylvania 18045.

12. Led by licensed cosmetology educator Nicole Shuler, who created the Lock & Twist Gel in 2013 and, in 2014, developed the Original LOC N Gel, Pure O has continuously and exclusively used the LOC N mark (and related LOC N design) in U.S. commerce since at least April 2014.

13. Over time, the LOC N product line expanded to include LOC N Loc & Braid Growth Oil, LOC N Shine Spray, and related goods, sold to distributors who in turn sell to consumers, and recognized for their high-quality ingredients and the unique benefits they provide for locks and braids. The LOC N mark features the term "LOC N" in block-style gold lettering, with "LOC" positioned above a larger, stylized "N" that incorporates the specific product name, all set against a burgundy background that transitions to a darker shade in an ombré effect toward the lower left.

14. As a result of extensive and continuous advertising and promotion, including at industry trade shows and in salons and beauty-supply stores, more than 350,000 LOC N units bearing this trademark have been sold in the United States, generating over $4.2 million in retail sales.

15. Defendant EBIN is a New Jersey corporation with its principal place of business at 5 Empire Blvd., South Hackensack, NJ 07606.

16. EBIN operates in the same hair-care industry as Pure O, markets and distributes competing styling and care products through overlapping distributors and retailers and targets the same consumer base.

17. EBIN has its principal place of business in New Jersey and conducts substantial business in the state, including within this District, by selling, marketing, and distributing its goods here and by directing the infringing acts alleged herein to this forum.

## JURISDICTION AND VENUE

18. The Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, because this action arises under the Federal Lanham Act, 15 U.S.C. § 1051, et seq.

19. This Court has supplemental jurisdiction over Plaintiffs' state law and common law claims pursuant to 28 U.S.C. § 1367.

20. This Court has personal jurisdiction over Defendant because EBIN engages in the transaction of business in this judicial district, is committing tortious acts within this judicial district, and has otherwise made or established contacts with this judicial district sufficient to permit the exercise of personal jurisdiction by this Court over them.

21. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant resides in this judicial district and a substantial part of the events or omissions giving rise to Plaintiff's' claims occurred within this judicial district.

22. Further, personal jurisdiction exists because EBIN has its principal place of business in New Jersey, transacts business in New Jersey and this District and regularly places accused goods into the stream of commerce with the expectation they will be purchased in New Jersey, including this District.

23. Venue is proper under 28 U.S.C. § 1391(b)–(c) because EBIN is subject to personal jurisdiction in this District and a substantial part of the events or omissions giving rise to the claims occurred here.

## FACTUAL BACKGROUND
### Pure O's LOC N Background Brand and Priority of Use

24. Pure O, led by licensed cosmetology educator Nicole Shuler, has developed, marketed, and sold LOC N hair-care products since 2014.

25. In 2013, Ms. Shuler created the Lock & Twist Gel; in 2014, she launched the Original LOC N Gel, which grew into a full LOC N product line, including LOC N Loc & Braid Growth Oil, LOC N Shine Spray, and related styling preparations.

26. Since at least April 2014, Pure O has continuously and exclusively used the LOC N mark in interstate commerce and has never abandoned its rights.

27. Through sustained sales, advertising, and promotion, LOC N has come to signify to distributors, retailers, and consumers that the products originate exclusively with Pure O, conferring senior common-law trademark rights that predate and are superior to EBIN's later registrations.

### Channels of Trade and New Jersey Commerce

28. Pure O sells LOC N goods to distributors and retailers serving the textured-hair market nationwide, including New Jersey.

29. The products are marketed, advertised, offered for sale, and sold through the same types of wholesale and retail channels in which EBIN operates.

30. Accordingly, the overlap in goods, customers, and channels heightens the likelihood of consumer confusion arising from EBIN's conduct alleged herein.

### EBIN Operates in the Same Industry and Through the Same Channels

31. EBIN is a direct competitor in the same textured-hair styling and care industry.

32. EBIN markets and sells through many of the same distributors and retailers as Pure O, targets the same consumer base, and appears at the same trade venues.

33. These identical channels of trade and customer overlap heighten the likelihood of confusion from EBIN's use of closely-similar source identifiers and presentations.

### Pure O's Prior Judicial Recognition of Its Common-Law Trademark Rights

34. On February 11, 2025, the United States District Court for the Northern District of Georgia, in *Pure O Natural Products LLC and Trendz Beauty Academy LLC v. Loc N Products LLC et al.*, No. 1:23-cv-3917-TCB, entered an order granting default judgment in Pure O's favor, thereby converting the preliminary injunction previously entered in support of Pure O on November 15, 2023 into a permanent injunction, awarding both equitable and monetary relief.

35. In that decision, the Court expressly adopted its prior findings that Pure O had demonstrated a substantial likelihood of success on the merits of their Lanham Act and Georgia common-law claims, including the inherent distinctiveness and non-functionality of the LOC N trade dress, the likelihood of consumer confusion, and the presumption of irreparable harm.

36. **The Court held that Pure O had established valid and enforceable common-law trademark rights in the LOC N mark and found Defendants liable for common-law trademark infringement, unfair competition, and trade-dress infringement under both the Lanham Act and Georgia law based on continuous and exclusive use since 2014, years before any of the defendants' infringing conduct, which began no earlier than 2023.**

37. **This judicial determination confirms the strength and distinctiveness of Pure O's LOC N mark and underscores that Pure O is the lawful owner of senior trademark rights in LOC N throughout the United States, predating and superior to EBIN's subsequent uses and registrations**.

38. The Court further ordered the defendants to withdraw USPTO applications incorporating "LOC N" or "LOCN," including Serial Nos. 97/597,273; 98/046,036; 98/606,000; and 98/610,431, and directed the disabling of the locnproducts.com domain and related social-media accounts. In addition, the Court entered judgment in the amount of $442,068.00 plus interest for unpaid invoices.

39. **This judicial determination constitutes federal recognition of Pure O's senior rights throughout the United States—rights that predate and are superior to EBIN New York's later-filed applications and registrations**, including LOCK 'N POMADE (U.S. Reg. No. 6,206,897, filed Aug. 29, 2019) and LOCK'N SHINE (Serial No. 97939146, filed May 16, 2023).

### EBIN's LOCK'N Registrations, Timing, and Strategy to Crowd LOC N

40. EBIN owns U.S. Reg. No. 6206897 for the mark LOCK 'N POMADE, filed on August 29, 2019 and registered on November 24, 2020 and U.S. Reg. No. 7532260 for the mark LOCK'N SHINE, filed on May 16, 2023 and registered on October 8, 2024, covering hair-care goods

(collectively, the "EBIN LOCK'N Marks). A copy of EBIN's Registration Certificates & TSDR records is annexed hereto as **Exhibit A.**

41. EBIN's registrations significantly post-date Pure O's first use and were obtained only one year before Pure O's LOC N application matured to registration.

42. EBIN then leveraged those registrations in the marketplace and before the USPTO/TTAB to impede Pure O's federal protection and increase marketplace crowding around Pure O's LOC N brand.

### Pure O's Motion to Dismiss EBIN's Notice of Opposition Before the TTAB

43. On June 18, 2024, in *Ebin New York, Inc. v. Pure O Natural Products LLC*, Opposition No. 91291378, pending before the Trademark Trial and Appeal Board ("TTAB") of the United States Patent and Trademark Office, Pure O filed a Motion to Dismiss EBIN's Notice of Opposition to Pure O's federal application for the LOC N mark (U.S. Serial No. 97/244,086) pursuant to Fed. R. Civ. P. 12(b)(6) and TBMP § 503.

44. In that motion, Pure O demonstrated that EBIN's opposition was legally deficient and transparently motivated by its junior adoption of LOCK 'N POMADE in 2019—years after Pure O's continuous use of LOC N since 2014—and by EBIN's need to attack Pure O's mark as "merely descriptive" to shield itself from infringement and cancellation exposure.

45. Pure O argued that EBIN's descriptiveness claim was unsupported because the USPTO had already approved the LOC N mark for publication without finding it descriptive, and that EBIN's so-called "ownership" claim was in substance an unpleaded fraud claim subject to the heightened particularity requirements of Rule 9(b).

46. The motion further emphasized that, even assuming EBIN's allegations as true, EBIN admitted Pure O's seniority and failed to allege any facts showing that EBIN—or any third party—owned the LOC N mark or that Pure O made any false representations to the USPTO.

47. Pure O therefore requested dismissal of the opposition in its entirety, without leave to amend. A true and correct copy of Pure O's Motion to Dismiss the Notice of Opposition is annexed hereto as **Exhibit B**.

### EBIN's Conduct and Resulting Confusion Risk

48. Since 2019 EBIN has pursued and/or used marks and presentations that encroach upon LOC N and encourage confusion in overlapping channels.

49. EBIN's conduct, combined with identical industries, overlapping distributors and customers, and proximity on store shelves and trade-show floors, creates a substantial likelihood of confusion, including initial-interest confusion and post-sale confusion, as to source, sponsorship, affiliation, or approval.

50. EBIN's strategy and timing (obtaining and wielding registrations to crowd Pure O's prior LOC N use) evince bad faith, and its actions limit Pure O's market influence by diverting Pure O's goodwill to EBIN and suppressing the distinctiveness of LOC N.

51. For all the foregoing reasons, Pure O has suffered and will continue to suffer irreparable harm to its goodwill and brand control absent injunctive relief.

### FIRST CAUSE OF ACTION
### (Trademark Infringement – 15 U.S.C. § 1114; Common-Law Infringement)

52. Plaintiffs incorporate and reallege, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

53. By virtue of their prior adoption and continuous use in interstate and U.S. commerce of the LOC N marks and associated trade dress in this judicial district and elsewhere, Plaintiff has

acquired, established, and own senior common-law trademark and service-mark rights in the LOC N marks.

54. These marks identify to the public certain goods offered exclusively by Plaintiff, which are regarded by consumers as originating from, sponsored by, approved by, or otherwise affiliated or connected with Plaintiff.

55. **Pure O's common-law rights in the LOC N mark since 2014 predate EBIN's applications and registrations.**

56. Under well-settled law, trademark rights in the United States arise from use, not registration.

57. Defendant has adopted and is using confusingly similar LOCK'N-formative designations in connection with identical goods, marketed to the same consumers through identical channels of trade. Such use is likely to cause confusion, mistake, or deception as to the source, sponsorship, affiliation, or approval of Defendants' goods.

58. Defendant's unauthorized use of these infringing marks constitutes trademark and service-mark infringement in violation of both the Lanham Act, 15 U.S.C. § 1114, and common law of the State of New Jersey.

59. As a direct and proximate result of Defendant's infringing conduct, Defendant has been unjustly enriched and has profited to an extent not permitted in law, equity, or good conscience, all to Plaintiff's detriment.

60. Upon information and belief, Defendant's adoption and use of the infringing LOCK'N-formative marks was willful and undertaken with the intent to trade upon Plaintiff's reputation and goodwill.

61. Defendant's conduct has caused and, unless enjoined, will continue to cause actual and irreparable injury to Plaintiffs and to the goodwill associated with the LOC N marks, for which Plaintiffs have no adequate remedy at law.

62. Accordingly, Plaintiffs are entitled to injunctive relief restraining Defendants from further infringing conduct, as well as recovery of monetary damages, Defendant's profits, treble damages, and Plaintiffs' costs and attorneys' fees, all in an amount to be determined at trial.

63. EBIN's infringement is willful and in bad faith. As such, Plaintiff is entitled to injunctive relief (15 U.S.C. § 1116), damages and EBIN's profits (15 U.S.C. § 1117), trebling for willfulness, and attorneys' fees in this exceptional case.

## SECOND CAUSE OF ACTION
### (False Designation of Origin, Passing Off, Trade Dress Infringement, and Unfair Competition – 15 U.S.C. § 1125(a))

64. Plaintiff incorporates and realleges, as if fully set forth herein, each and every allegation contained in the preceding paragraphs.

65. Through long and continuous use and promotion of the LOC N Marks and the LOC N Product Trade Dress, Plaintiffs have obtained exclusive rights to use the same in commerce in connection with their hair-care products and related goods and services.

66. The LOC N Marks serve to identify to the consuming public goods that originate from, are sponsored by, approved by, authorized by, or otherwise affiliated with Plaintiffs, and they embody substantial goodwill and consumer recognition accumulated through years of consistent use in commerce.

67. Defendant has used in commerce marks, logos, and product packaging confusingly similar to Plaintiff's LOC N Marks and LOC N Product Trade Dress in connection with identical hair-care goods, marketed through the same channels of trade to the same class of consumers.

68. Given the overlap in goods, trade channels, and consumers, and the similarity between Defendant's designations/presentations and LOC N, such use is likely to cause, and has already caused, confusion, mistake, or deception as to the source, sponsorship, affiliation, or approval of Defendant's products, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

69. Defendants' conduct therefore constitutes false designation of origin, passing off, and trade dress infringement/unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

70. Defendant's wrongful use is further exacerbated by its unlicensed, non-consensual use of the "LOCK'N" name, image, and likeness in close proximity to the infringing marks and packaging on Defendants' website and marketing materials (the "Offending Site"), thereby compounding the likelihood of consumer confusion.

71. Plaintiff placed Defendants on formal notice that Defendants' use of "LOCK'N," in both word and logo form, infringed Plaintiffs' trademark rights; nevertheless, Defendants continued such use.

72. Upon information and belief, Defendant's adoption and continued use of the infringing marks and LOC N-evocative trade dress were intentional, knowing, and willful, undertaken to trade on Plaintiff's reputation and goodwill.

73. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages, including lost sales and revenues, loss of substantial consumer goodwill, and loss of control over their reputation and the distinctiveness of the LOC N Marks and Trade Dress. Defendant has been unjustly enriched and has obtained profits to which they are not entitled in law, equity, or good conscience.

74. Defendant's acts have caused and, unless enjoined, will continue to cause, irreparable harm to Plaintiff, for which there is no adequate remedy at law, including ongoing loss of control over Plaintiffs' reputation, destruction or dilution of the distinctiveness of Plaintiff's packaging trade dress, and erosion of consumer goodwill.

75. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief enjoining Defendant's unlawful conduct, as well as monetary relief including actual damages, an accounting and disgorgement of Defendant's profits, treble damages, and an award of reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117, together with such other and further relief as the Court deems just and proper.

## THIRD CAUSE OF ACTION
### (Common-Law Unfair Competition – New Jersey)

76. Plaintiff incorporates and realleges, as if fully set forth herein, each and every allegation in the paragraphs 1-74, inclusive.

77. **By virtue of their prior adoption and use in interstate commerce of the LOC N Marks in this judicial district and elsewhere, Plaintiff has acquired, established, and own common law trademark and service mark rights in the LOC N Mark, which serve to identify to the public certain goods and services that are offered by Plaintiff alone, and the goods and services offered in connection with the mark are regarded by the public as being offered by, sponsored by, approved by, authorized by, associated with, affiliated with, or otherwise connected to Plaintiff.**

78. Defendant has adopted marks confusingly similar to the LOC N Marks and use the marks in commerce in connection with the sale, offering for sale, or advertising of their own goods and services without authorization, for the calculated purpose of passing off their goods and services as those of Plaintiff, or trading upon Plaintiff's significant goodwill and reputation, and of

deceiving the public as to the true nature and characteristics of Defendants' goods and services. Defendant's conduct is likely to confuse, mislead, or deceive the public as to the true source, origin, or sponsorship of Defendant's goods and services.

79. Defendant has adopted marks confusingly similar to the LOC N Products in connection with the sale, offering for sale, or advertising of their owns goods and services without Plaintiff's authorization, for the calculated purpose of passing off their goods and services as those of Plaintiff, or trading upon Plaintiff's significant goodwill and reputation, and of deceiving the public as to the true nature and characteristics of Defendant's goods and services. Defendants' conduct is likely to confuse, mislead, or deceive the public as to the true source, origin, or sponsorship of Defendants' goods and services.

80. Defendant's aforesaid conduct constitutes unfair competition in violation of the common law of the state of New Jersey.

81. Defendant's aforesaid conduct has enabled EBIN to earn profits to which it is not in law, equity, or good conscience entitled, and has unjustly enriched Defendant, all to Defendant's profit and Plaintiffs' damage and detriment.

82. **Defendant's unauthorized adoption and use of the LOC N Marks and adoption and use of the Infringing LOC N Product Packaging was willful and intended for the purpose of trading off of Plaintiffs' reputation and goodwill**.

83. Defendant's aforesaid conduct has caused and will continue to cause actual and irreparable injury to Plaintiff and the goodwill associated with the LOC N Marks and the LOC N Products Trade Dress for which Plaintiffs have no adequate remedy at law.

84. Plaintiff is therefore entitled to appropriate relief as prayed for hereinafter, including preliminary and permanent injunctive relief.

85. As a result of Defendant's wrongful conduct, Plaintiff is also entitled to recover its monetary damages, Defendant's profits, and its costs and attorneys' fees, in an amount to be determined at trial.

86. EBIN's actions—palming off, misappropriating Pure O's LOC N goodwill, and trading on Pure O's reputation—constitute New Jersey common-law unfair competition, warranting injunctive relief, damages, and, due to EBIN's bad faith, punitive damages.

### FOURTH CAUSE OF ACTION
### (Cancellation / Rectification of the Register – 15 U.S.C. § 1119)

87. Plaintiff incorporates and realleges, as if fully set forth in this paragraph, each and every allegation in the paragraphs 1-85, inclusive. Plaintiffs incorporate the preceding allegations as though fully stated herein.

88. A case or controversy exists concerning the parties' rights in LOC N versus EBIN's LOCK'N-formative registrations.

89. The Court may "determine the right to registration" and order cancellation or appropriate modifications/limitations to EBIN's registrations to the extent they conflict with and/or are likely to cause confusion with Pure O's senior LOC N rights, and to rectify the Register accordingly.

90. EBIN's bad-faith procurement and use further support cancellation and/or narrowing.

### FIFTH CAUSE OF ACTION
### (Declaratory Judgment – 28 U.S.C. §§ 2201–02)

91. Plaintiff incorporates and realleges, as if fully set forth in this paragraph, each and every allegation in the paragraphs 1-89, inclusive. Plaintiffs incorporate the preceding allegations as though fully stated herein.

92. An actual, justiciable controversy of sufficient immediacy and reality exists between the parties concerning their respective rights in the LOC N marks and LOC N Product Trade Dress,

and EBIN's use of LOCK'N-formative marks and confusingly similar packaging for identical hair-care goods marketed through the same channels to the same consumers.

93. Plaintiff adopted and has continuously used the LOC N marks in U.S. commerce since at least April 2014, long prior to EBIN's adoption, use, applications, or registrations.

94. EBIN has opposed Pure O's LOC N application in TTAB Opposition No. 91291378 and is actively using LOCK'N-formative designations and LOC N-evocative packaging in commerce. The parties engaged in, but did not finalize, a proposed Consent to Registration/Coexistence Agreement that included material restrictions on EBIN (e.g., no LOC N/LOCN-formative marks; bans on red/maroon/burgundy with gold lettering and burgundy ombré trade dress; confusion-avoidance covenants). The failure to reach agreement, EBIN's continuing use, and its TTAB opposition together establish concrete adversity and a present controversy.

95. Plaintiff provided EBIN with formal notice that its use of "LOCK'N," in word and logo form and in confusingly similar packaging, infringes Plaintiff's rights; EBIN nonetheless continued its conduct. Plaintiff contend—while EBIN disputes—that Plaintiffs possess superior rights in the LOC N marks and trade dress by virtue of priority of use and that EBIN's accused use is likely to cause confusion, mistake, or deception.

96. A judicial declaration will serve a useful purpose by clarifying and settling the parties' legal relations and by affording relief from uncertainty, insecurity, and controversy giving rise to these proceedings.

97. Pursuant to 28 U.S.C. § 2201, Plaintiffs seek a declaration that:

    a. Plaintiff owns superior and senior rights in the LOC N marks and LOC N Product Trade Dress in connection with hair-care products;

b. Plaintiff's use (and Pure O's application) for LOC N does not infringe any right of EBIN and is lawful;

c. EBIN's use of LOCK'N-formative marks and LOC N-evocative trade dress for identical goods is likely to cause confusion and infringes Plaintiff's rights under the Lanham Act and applicable common law;

d. EBIN has no right to use LOC N/LOCN-formative marks or LOC N-evocative trade dress in a manner likely to cause confusion; and

e. Plaintiff is entitled to register LOC N for the applied-for goods, free and clear of EBIN's opposition, or, alternatively, that EBIN's rights (if any) are junior and must be limited to avoid likelihood of confusion.

98. Pursuant to 28 U.S.C. § 2202, Plaintiff further requests such other and further relief as may be necessary and proper to effectuate the declarations above, including but not limited to: (i) injunctive relief consistent with the declarations; (ii) an order directing EBIN to withdraw TTAB Opposition No. 91291378; and (iii) any ancillary relief the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against EBIN, and award the following relief:

A. Permanent Injunction enjoining EBIN, its officers, agents, employees, affiliates, distributors, and all persons in active concert with them from using any LOC N-/LOCN-formative mark;

B. Corrective measures, including recall or destruction of infringing packaging, labels, promotional materials, and advertisements, and disseminating corrective advertising as appropriate.

C. Monetary Relief under 15 U.S.C. § 1117, including Pure O's damages, EBIN's profits, treble and/or enhanced damages for willful infringement, costs, and attorneys' fees in this exceptional case.

D. Cancellation/Rectification under 15 U.S.C. § 1119: order cancellation and/or appropriate modifications/limitations to EBIN's registrations to eliminate likelihood of confusion and to reflect Pure O's superior LOC N rights.

E. Declaratory Relief under 28 U.S.C. §§ 2201–02 declaring Pure O's priority and EBIN's infringement/unlawful competition.

F. Contract Remedies (if adjudicated here): specific performance, injunctive relief, damages, and attorneys' fees per the Coexistence Agreement.

G. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pure O demands a trial by jury on all issues so triable.

Dated: New York, New York
October 17, 2025

Respectfully submitted,

**PITCOFF LAW GROUP, P.C.**
*Attorneys for Plaintiff*
*Pure O Natural Products, LLC*

By: */s/ Galen J. Criscione*
Galen J. Criscione, Esq., Of Counsel
250 Park Avenue, 7th FL
New York, NY 10177
Tel: (212) 920-7142
GCriscione@lawcrt.com

By: */s/ Fiamma De Nardo*
Fiamma De Nardo, Esq., *Pro Hac Vice Motion Imminent*
250 Park Avenue, 7th Floor
New York, New York 10177

Tel: (646) 386-0990
fiamma@pitcofflawgroup.com